**Jenssen Steve ALVARADO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71173.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2006.

Filed April 21, 2006.

---

6. *See id.*

Shan D. Potts, Berke Law Offices, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: THOMPSON, BERZON, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Jenssen Steve Alvarado petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) decision finding him removable under both Immigration and Naturalization Act (INA) section 237(a)(2)(C), 8 U.S.C. § 1227(a)(2)(C), based on his firearm conviction, and INA section 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i), based on his domestic battery conviction. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

Alvarado is not removable under INA section 237(a)(2)(C) based on his conviction for unlawful possession of a firearm with a prior conviction in violation of California Penal Code section 12021(c)(1). His firearm conviction does not qualify as a basis for removal under the categorical

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

approach as laid out in *Taylor v. United States,* 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), because INA section 237(a)(2)(C) excludes antique firearms while the broader California statute does not. *Compare* 18 U.S.C. § 921(a)(3) (defining "firearm" as excluding antique firearms) *with* CAL.PENAL CODE § 12001(b) (not excluding antique firearms from definition of "firearm"). Alvarado's firearm conviction also does not qualify as a basis for removal under the modified categorical approach because the record of conviction does not indicate whether or not the firearm was an antique. *See Tokatly v. Ashcroft,* 371 F.3d 613, 620 (9th Cir.2004). Accordingly, the BIA erred in affirming the IJ's decision that Alvarado was removable under INA section 237(a)(2)(C).

■ However, Alvarado is removable under INA section 237(a)(2)(E)(i) for having been convicted of a "crime of domestic violence" based on his domestic battery conviction in violation of California Penal Code section 243(e). In order to determine that Alvarado was convicted of a "crime of domestic violence," we must conclude under the categorical or modified categorical approach that his conviction was both a "crime of violence" and also "domestic" under INA section 237(a)(2)(E)(i). *See Tokatly,* 371 F.3d at 619–20, 623.

We need not decide whether Alvarado's conviction was for a "crime of violence" because he failed to raise that issue before the BIA or in his brief for this appeal. *See Singh v. Ashcroft,* 386 F.3d 1228, 1232 n. 4 (9th Cir.2004) (stating that the petitioner had waived the issue of whether his prior conviction under Oregon's harassment statute was a "domestic" offense because he did not raise the issue before the agency and did not argue the issue in his briefs

filed in the appellate court); *Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004) (holding that this court lacks subject-matter jurisdiction over legal claims not presented in administrative proceedings below).

Under the modified categorical approach, it is clear that Alvarado's conviction was "domestic" because the record of conviction indicates that the victim was a former spouse. *See* INA § 237(a)(2)(E)(i), 8 U.S.C. § 1227(a)(2)(E)(i) (including violence against a former spouse as "domestic" violence). The docket states that Alvarado was convicted of a violation of California Penal Code section "242–243(e) PC misd—violnce [sic] used against former sp."

Accordingly, we conclude that Alvarado's conviction for domestic battery constitutes a "crime of domestic violence" under INA section 237(a)(2)(E)(i) and he is therefore removable.

■ We lack jurisdiction to review the BIA's discretionary determination that Alvarado did not warrant cancellation of removal due to his numerous criminal convictions. *See* INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B) ("Notwithstanding any other provision of law ... no court shall have jurisdiction to review—(i) any judgment regarding the granting of relief under ... [INA § ] 240A[, 8 U.S.C. § 1229b, which concerns cancellation of removal]....").

**PETITION FOR REVIEW DENIED.**